THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* GEORGE K. KILDUFF, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* GEORGE K. KILDUFF and JOHN M. KILDUFF, Defendants.

County Court, Special Term, Rensselaer County, December 21, 1966.

*Thomas J. O'Connor, Public Defender,* for John M. Kilduff, defendant. *Murray & Jubic* for George K. Kilduff, defendant. *M. Andrew Dwyer, Jr., District Attorney,* for plaintiff.

JOHN T. CASEY, J. Both of the defendants — George K. Kilduff, charged in Indictment No. D-3124 with murder first degree and arson first degree, and further charged jointly with the defendant, John M. Kilduff, in Indictment No. D-3125, with arson third degree, move for the suppression of certain incriminating statements taken from them by officers of the Troy Police Department on October 30 and 31, 1965, respectively.

There would be no merit to the defendants' claims were if not for the determination of the United States Supreme Court, in the celebrated case of *Miranda* v. *Arizona* (384 U. S. 436) decided June 13, 1966.

In issue, therefore, is the applicability of the *Miranda* decision to statements taken prior to its pronouncement.

Seeking to formularize procedures for confessions and expressly mandating their requirement on every State, the highest court of the land imposed upon law enforcement officials a system of preinterrogation warnings as Federal constitutional imperatives for the admissibility of confessions in both Federal and State prosecutions.

The required custodial warnings are fourfold. Any person so situated must be effectively and unequivocally informed (a) that

he has a right to remain silent (b) any statements he makes may be used against him (c) that he has the right to the presence of an attorney during the interrogation and (d) if he cannot afford an attorney, he may have one without cost prior to the questioning. Only after the suspect has made a voluntary, knowing and intelligent waiver of these pronounced safeguards may a statement be taken from him by law enforcement officers.

Despite the holding in *Johnson* v. *New Jersey* (384 U. S. 719) that *Miranda* was not necessarily retroactive to those *trials* already concluded, and despite the holding of the New York State Court of Appeals, in *People* v. *McQueen* (18 N Y 2d 337) that this State would not apply that decision retroactively, these decisions can only be construed to mean that there will be no retroactive effect to those cases where *the trials* had already been held before June 13, 1966.

Expressly, in *Johnson* v. *New Jersey* (*supra*) the prescribed procedures of *Miranda* were made applicable to all *trials* *subsequent* to the date of June 13, 1966.

In its simplest language, it was so prescribed. Many cases in this county, the instant ones among them — thousands, I presume, when the Nation is considered, had had their investigations completed and statements taken in accordance with the law as it existed before *Miranda*. Now, we are told that in all of these cases, which were awaiting trial on June 13, 1966, the statements must be excluded since the trials had not yet been held.

It was no mere accident that the Supreme Court did not limit the *Miranda* holding to all investigations conducted subsequent to its decision. This, the court refused to do. Admittedly, in the instant cases, the statements do not conform to the requirements of *Miranda*. Since the trials of these defendants had not been held before June 13, 1966, there can be no doubt of the applicability of that decision.

Whether the impact of *Miranda* deprives society of due justice or licenses the law breaker, is of little consequence here. The law of this land, announced by its highest tribunal, even if disagreed with, must be obeyed.

There is no question that, because of the *Miranda* decision, these statements cannot be used as evidence. They must, therefore, be suppressed.